# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 1808001202 |
| | ) | |
| JUAN ROJAS, | ) | |
| Defendant. | ) | |

Submitted: August 7, 2020
Decided: September 1, 2020

## ORDER DENYING MOTION FOR "MODIFICATION/CORRECTION" OF SENTENCE

This 1st day of September, 2020, upon consideration of the Defendant's *pro se* "Motion for Modifiction/Correction – Rule 35(a)" (D.I. 31) and the record in this matter, it appears to the Court that:

(1) On May 20, 2019, Juan Rojas pleaded guilty to Assault in the First Degree and Possession of a Deadly Weapon During the Commission of a Felony (PDWDCF).[1] He did so in exchange for dismissal of the remaining indicted charge and a favorable sentencing recommendation (the State's withholding of a habitual criminal petition[2] and request for no more than fifteen years

---

[1]  Plea Agreement and TIS Guilty Plea Form, *State v. Juan Rojas*, ID No. 1808001202 (Del. Super. Ct. Apr. May 20, 2015) (D.I. 29).

[2]  Plea Agreement, at 1 ("As a result of this plea, state agrees to not declare defendant a habitual offender pursuant to 11 Del. C. 4214(d)."). Under 11 *Del. C.* § 4214(d), Mr. Rojas—who had twice before been convicted of Title 11 violent felonies—would have had to have received a minimum sentence of not less than the statutory 25-year maximum penalty otherwise provided for either Assault First Degree or PDWDCF, if not both, if the State so moved. *See* DEL. CODE ANN. tit. 11, § 4214(d) (2018).

unsuspended imprisonment[3]).

(2)    Mr. Rojas filed no direct appeal from his convictions or sentence.

(3)    Mr. Rojas's sentencing occurred several months later, on December 19, 2019, after a pre-sentence investigative report was prepared. Mr. Rojas was sentenced as follows:  (a) for Assault First Degree—25 years of Level V suspended after ten years for 15 years at Level IV-DOC Discretion suspended after serving six months at Level IV- DOC Discretion for two years of Level III (supervised probation; and (b) for PDWDCF—two years of Level V.[4]

(4)    Mr. Rojas has now filed the present motion requesting "correction and/or modification" of his sentence.  He posits that his sentence is "illegal" because he believes: (a) it exceeds both the applicable minimum mandatory and the SENTAC presumptive sentences for his crimes; (b) it does not specify a treatment program; and (c) it does not include a term of probation "to ensure re-entry success."[5]  The remedy under Rule 35(a), he suggests, is

---

[3]    Plea Agreement, at 1 ("State agrees to cap its recommendation to 15 years level V unsuspended time (4 years level V min/man).").

[4]    Sentencing Order, *State v. Juan Rojas*, ID No. 1808001202 (Del. Super. Ct. Apr. Dec. 19, 2019) (D.I. 30).

[5]    Def. Rule 35(a) Mot. at 1-2.  Mr. Rojas makes other claims related to his plea and whether he received adequate benefit, understood its terms given his lack of English skills, or it seemed to be offered in a way that "suggest[s] the use of [long-abandoned Criminal] Rule 11(e)(1)(c)."  *Id.*  But none of these issues are cognizable under Rule 35.  *Knox v.*

to "review [his sentence] for a correction and/or modification consistent with his min. mandatory followed by probation for future success."[6]

(5)     Criminal Rule 35(a) permits this Court to correct an illegal sentence "at any time."[7] Relief under Rule 35(a) is available when, *inter alia*, the sentence imposed:  exceeds the statutorily-authorized limits; omits a term required to be imposed by statute; is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[8]

(6)     Mr. Rojas's suggestion that his sentence must be corrected because it exceeds the minimum statutory terms or the applicable SENTAC guidelines is without merit.  First, the SENTAC guidelines are only presumptive.  And "[t]here is no basis to challenge the legality of a sentence solely on the grounds that a sentence exceeds the SENTAC guidelines."[9] Second, Mr. Rojas's sentence of 12 years at Level V for his armed assault is

---

*State*, 2015 WL 4915773, at *2 (Del. Aug. 17, 2015) ("A proceeding under Rule 35 presumes a valid conviction.  Rule 35 is not a means for a defendant to attack the legality of his convictions or to raise allegations of error in the proceedings before the imposition of sentence.").

[6]    Def. Rule 35(a) Mot. at 3.

[7]    Super. Ct. Crim. R. 35(a) ("*Correction of sentence.* -- The court may correct an illegal sentence at any time . . .").

[8]    *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[9]    *Walters v. State*, 2013 WL 4540040, at *1 (Del. Aug. 23, 2013).

well with the normal statutorily-authorized limits for his offenses.[10] And so, relief under Rule 35(a) is not available as to his cumulative 12-year unsuspended term of imprisonment.

(7) To the extent Mr. Rojas's motion could be viewed as a claim under Rule 35(a) that his sentence was imposed in an illegal manner because the Court did not state its reasons for departing from any applicable sentencing guidelines on the record, that argument is not only untimely because it was not raised within 90 days of sentencing,[11] it is also factually incorrect. The Court clearly set forth on the record its reasons for imposing such sentence.[12]

(8) Also incorrect is Mr. Rojas's claim that his sentence does not comply with 11 *Del. C.* § 4204(l) because it "does not contain any probationary supervision."[13] As noted above, the Court imposed both Level IV and Level III terms spanning the two and one-half years that follow Mr. Rojas's incarceration. No more is needed.[14]

---

[10] *See* DEL. CODE ANN. tit. 11, § 613, §1447, and 4205(b)(2) (2018) (first degree assault and PDWDCF are class B felonies for either of which alone one might receive up to 25 years imprisonment).

[11] *Walters*, 2013 WL 4540040, at *1.

[12] Sentencing Order, at 3-4.

[13] Def. Rule 35(a) Mot. at 2.

[14] *See* DEL. CODE ANN. tit. 11, § 4204(l) (2018) ("[W]henever a court imposes a period of incarceration at Level V custody . . . that totals 1 year or more, then that court must include as part of its sentence a period of custodial supervision at either Level IV, III or II

(9) Lastly, as to Mr. Rojas's suggestion that he should have but received no treatment as part of his sentence, this is contrary to the terms of his sentence. The Court in its sentencing order expressly "recommends that Mr. Rojas be evaluated for intensive substance abuse and mental health programming while at Level V. The placement of Mr. Rojas in any such program, however, is at the sole discretion of the Department of Correction."[15] To the extent Mr. Rojas is claiming that the law requires that in this sentence he must receive a more specific assignment to a named rehabilitative or treatment program, he cites no authority for that proposition. Indeed, it is wholly appropriate for the Court to leave such classification and placement decisions to the Department of Correction.[16]

**NOW, THEREFORE, IT IS ORDERED** that Juan Rojas's Rule 35(a) motion challenging the legality of his sentence is **DENIED.**

Paul R. Wallace, Judge

---

for a period of not less than 6 months to facilitate the transition of the individual back into society.").

[15] Sentencing Order, at 4.

[16] *See Samans v. Dept. of Correction*, 2015 WL 1421411, at *2 (Del. Mar. 27, 2015) ("Inmates do not have a right to a particular prison classification and placement of inmates within the prison system is within the wide spectrum of discretionary actions that traditionally have been the business of prison administrators, rather than of the courts.") (internal quotations omitted); *State v. Goodman*, 2010 WL 547394, at *2 (Del. Super. Ct. Feb. 9, 2010) (observing that "Courts are generally very reluctant to interfere with the administration of prisons").

Original to Prothonotary

cc:     Mr. Juan Rojas, *pro se*
        Monil D. Amin, Deputy Attorney General